## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **NICOLE CATALINA ORTIZ**, <br><br> Plaintiff, <br><br> v. <br><br> **SOCIAL SECURITY ADMINISTRATION**, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br><br> Case No. 2:22-CV-00780-JNP-CMR <br><br> District Judge Jill N. Parrish <br> Magistrate Judge Cecilia M. Romero |

On September 22, 2022, the Social Security Administration's ("SSA") Appeals Council denied Plaintiff's request for its review of an administrative law judge's denial of supplemental security income under Title XVI of the Social Security Act ("Act"). ECF No. 16, at 26-29. On December 19, 2022, Plaintiff filed this suit. ECF No. 2. Defendant subsequently moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing she did not bring her complaint within the time permitted by the relevant statute of limitations. ECF No. 15.

The Act provides for judicial review of notices that the Appeals Council will not review an ALJ's decision denying supplemental security income. *See* 42 U.S.C. § 405(g). But the applicable statute of limitations requires a plaintiff to file her suit within sixty days of the mailing of the Appeals Council's notice. *Id.* The SSA Commissioner has interpreted "mailing" to be the date the Appeals Council's decision is received, which is presumed to be five days after that notice's date. *See* 20 C.F.R. §§ 404.901, 422.210(c). This statute of limitations is a harsh penalty, but the court must enforce it—untimely suits under the Act are subject to a motion to dismiss. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Dozier v. Bowen*, 891 F.2d 769, 770 (10th Cir. 1989).

The Appeals Council's notice was dated September 22, 2022. ECF No. 16, at 29. Plaintiff thus presumptively received this notice five days later, on September 27, 2022. 20 C.F.R. §§ 404.901, 422.210(c). She therefore had 60 days—or until November 28, 2022—to file this suit. 42 U.S.C. § 405(g). But she did not file her complaint until December 19, 2022, three weeks after the deadline. ECF No. 2. As a result, Plaintiff's suit is barred by the applicable statute of limitations and her complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6).

Plaintiff apologized for her late filing and urged the court not to dismiss her case. ECF No. 17. But the court's hands are tied. The statute of limitations bars her suit, *see* 42 U.S.C. § 405(g), and she raises no argument that would toll the 60-day requirement. Even if she had raised the issue of equitable tolling, that argument would be ineffective. Plaintiff does not allege she received the Appeals Council's notice late or that she requested more time to file her complaint, and her filings make no indication that her complaint was late due to "extraordinary circumstances beyond [her] control[.]" *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007).

**ORDER**

Consistent with this Memorandum Decision and Order, the court **GRANTS** Defendant's motion to dismiss for failure to state a claim upon which relief can be granted and **DISMISSES** Plaintiff's complaint with prejudice because she failed to timely file her complaint under 42 U.S.C. § 405(g). The Clerk of Court is directed to **CLOSE** this matter.

Signed October 12, 2023

BY THE COURT

Jill N. Parrish
United States District Court Judge

2